## SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement ("Agreement") is made between Federal Insurance Company a/s/o Rockwell Freight Forwarding, LLC & Unifold Corporation (collectively "Plaintiff") and Jasmin International Corp. ("Defendant") in connection with the case filed in the United States District Court, Southern District of New York, Docket No. 08 CV 0221(JFK)(FM) ("the Action"). Plaintiff and Defendant are collectively referred to as "the Parties."

NOW, THEREFORE, the Parties intending to be legally bound, agree covenant and undertake as follows:

1. The Parties have determined, for and in consideration of the mutual promises and forbearances agreed to hereinafter, and for other good and valuable consideration, to settle, release, and discharge all legal obligations and claims against each other which did exist or may have existed in the Action.

2. Neither this Release nor the performance of any of the conditions set forth in this Agreement shall constitute an admission of liability by either party.

3. The Parties, on behalf of themselves and their representatives, agents, heirs, succesors and assigns have, and by these presents do, now and forever release, discharge and acquit each other, their companies, corporations, partnerships, partners, affiliates, divisions, subsidiaries, attorneys, agents, present and former employees, directors, officers, successors, heirs, and assigns of and from any and all manner of actions, suits, debts, sums of money, accounts, recokonings, bonds, bills, specialities, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims, and demands whatsoever, in law or in equity, whether known or unknown, suspected or unsuspected, which they ever had, now have, or which they or their herjs representatives, agents, successors, or assigns hereinafter can, shall, or may have, arising out of any and all maters, events, occurrences and circumstances related directly or indirectly to the Action.

4. It is the intention of the Parties that this Agreement shall not be subject to any claim of mistake of fact or law and that it expresses the full and complete settlement of any liability now or hereafter claimed by the Parties. It is intended to bar and does bar any and all litigation among the Parties arising out of or in connection with the transactions and occurrences relating to the Action, and is final and complete.

5. In consideration of the execution of this Agreement and the other terms set forth herein, Defendant shall pay to Plaintiff by wire transfer, the total sum of $20,000.00, to be paid as follows:

      a.    $5,000.00 on or before July 15, 2008, by wire transfer to the following:

> HSBC BANK USA
> 366 N. Broadway
> Jericho, NY 11753
>
> ABA ROUTING #021 001 088
> for credit to the account of:
>
> Kingsley, Kingsley & Calkins
> Millennium II IOLA Account
> Account #019 752547
> SWIFT CODE: MRMBUS33

      b.    $3,000.00 a month for 5 consecutive months, the first payment being due on August 15, 2008. Each subsequent $3,000.00 payment shall be made within thirty (30) days of the prior payment.

6.    If at any time hereafter Defendant should fall more than seven (7) days delinquent (no invoices will be sent) on its obligations to Plaintiff under the terms of this Agreement, Defendant shall be considered in default under this Agreement. In order to be considered paid, the settlement payment must be received by Plaintiff's counsel. Upon default, Plaintiff's attorney shall provide Defendants counsel, Geoffrey Johnson, Esq., (facsimile #201-447-2080) with written notice by facsimile of said default giving Defendant five (5) business days from the date of the written notice to cure the default. It is understood and agreed that Defendant shall only be entitled to notice and cure of a default a maximum of (1) time. It is the responsibility of the Defendant's counsel to notify Plaintiff's counsel of any change to their fax numbers.

If the default is not cured, Plaintiff shall be entitled to enter judgment against the Defendant, upon ex parte application to the Court, in the sum of $20,000.00, less all monies received. After a judgment is entered, interest on the outstanding balance shall be compounded at the rate of 10% monthly until the entire balance plus interest is paid in full.

8.    This Agreement may be executed in counterparts each of which shall be an original and together shall constitute one agreement.

From: Geoffrey Johnson, Jr. Esq.  To: Kevin Murtagh  Case 1:08-cv-00221-FM  Document 12  Date: 7/1/2008 Time: 07:11:42 AM  Filed 07/11/2008  Page 3 of 3  Page 2 of 2

07/01/2008 09:24 FAX 5169314313   KINGSLEY KINGSLEY CALKIN   ☒005

9. This agreement constitutes the Parties' entire agreement and shall not be varied or altered except by another writing signed by the parties.

10. Each party covenants and agrees not to sue or otherwise bring any suit or claim with any court against each other for any claims released by this Agreement. Each party further covenants and agrees that any Party violating this paragraph is solely liable for any and all attorney's fees and expenses (whether or not allowed by law) of the other Party as a result of any such suit or claim brought by the violating Party.

11. Each party has been given the opportunity to have this Agreement reviewed by an attorney and either did so or has waived its right to do so.

INTENDING TO BE LEGALLY BOUND, the undersigned have duly executed this Agreement.

FEDERAL INSURANCE COMPANY a/s/o ROCKWELL FREIGHT FORWARDING, LLC & UNIFOLD CORPORATION

By: _____  Dated: July 1, 2008
HAROLD M. KINGSLEY
as Attorney

JASMIN INTERNATIONAL CORP.

By: _____  Dated: 7/1/08
GEOFFREY JOHNSON, ESQ.
as Attorney

4